**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **CYNTHIA WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CAUSE NO.:   1:25-c v-1120** |
| **WALMART, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1441, Defendant removes this action from the Hamilton County Superior Court in the State of Indiana to the United States District Court for the Southern District of Indiana, Indianapolis Division. In support of this Notice, Defendant states as follows:

1.      Plaintiff Cynthia White initiated this action on or about May 9, 2025, by filing a Complaint against Walmart, Inc. in the Hamilton County, Indiana, Superior Court, Cause No. 29D05-2505-PL-005077 ("the Lawsuit").

## DIVERSITY JURISDICTION

2.      Plaintiff is a citizen of Indiana. [Compl. ¶ 2.]

3.      Walmart Inc. is incorporated in Delaware and has its principal place of business in Arkansas. 28 U.S.C. 1332(c).

4.      Accordingly, complete diversity of citizenship exists.

5.      The amount in controversy for diversity jurisdiction is the "amount required to satisfy the plaintiff's demands in full" on the date of removal. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). Where, as here, the Complaint does not demand a specific sum, a

defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*

6.     Plaintiff's Complaint supports a good-faith, plausible estimate the amount in controversy exceeds $75,000.

7.     Plaintiff alleges her employment was wrongfully terminated under state law, and she seeks recovery of lost wages, punitive damages, compensatory damages, attorney's fees, costs of this action, and all other equitable relief.  [Compl. p. 5.]

8.     Under state law, compensatory damages may include both back pay and future pay. *Best Formed Plastics, LLC v. Shoun*, 51 N.E.3d 345, 353 (Ind. Ct. App. 2016).

9.     Courts compute back pay awards based on what a plaintiff would have earned from the time of the adverse employment action until trial. *See, e.g.*, *Epstein v. Target Corp.*, No. 06-C7035, 2007 WL 551552, at *2 (N.D. Ill. 2007).

10.     Plaintiff's employment was terminated on or about May 9, 2023. [Compl. ¶ 28.]

11.     Plaintiff's gross wages for the year prior to her termination of employment total approximately $53,000.00.

12.     Punitive damages contribute to the amount in controversy required for diversity jurisdiction if they are recoverable under state law. *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 551 (7th Cir. 2008). Punitive damages are recoverable in retaliatory discharge cases. *Best Formed Plastics*, 51 N.E.3d at 353. Under Indiana law, punitive damages may be awarded up to $50,000. Ind. Code 34-51-3-4.

13.     Similarly, emotional distress damages are recoverable in retaliatory discharge cases, *Perry v. Hartz Mountain Corp.*, 537 F. Supp. 1387, 1391 (S.D. Ind. 1982), and may contribute to the amount-in-controversy requirement.

14. Defendant denies Plaintiff's claims and denies Plaintiff is entitled to any relief. Nevertheless, for purposes of jurisdiction only, Plaintiff's potential back pay through trial, compensatory damages, including emotional distress, and punitive damages, plausibly exceed $75,000.

15. Accordingly, the amount in controversy is satisfied. As complete diversity also exists, this Court also has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## REMOVAL

16. Defendant first received service of process of the Lawsuit on May 16, 2025.

17. Defendant files this Notice of Removal within 30 days of receiving the initial pleading and within one year of the commencement of this action in compliance with 28 U.S.C. § 1446(b)-(c).

18. Because the Superior Court of Hamilton County, Indiana, lies in the Southern District of Indiana, this Court is the appropriate venue for removal. 28 U.S.C. §§ 94(b) and 1441(a).

19. Copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit A**.

WHEREFORE, consistent with this Notice, Defendant removes the above-described action to the United States District Court for the Southern District of Indiana, Indianapolis Division. Defendant reserves all other bases for removal of this action to this Court.

Dated: June 8, 2025

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *s/ Susan M. Zoeller*
Susan M. Zoeller, Atty. No. 19959-49
Cheyna Galloway, Atty No. 36831-41

3

300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
*susan.zoeller@ogletree.com*
*cheyna.galloway@ogletree.com*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy of the same was served via electronic mail and U.S. first class mail to:

John H. Haskin – jhaskin@jhaskinlaw.com
Matthew A. Smith – msmith@jhaskinlaw.com
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204

*s/ Susan M. Zoeller*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076

4