# EXHIBIT A


## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Indiana**

**FOR:** WALMART INC.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**TITLE OF ACTION:** Re: WHITE CYNTHIA // To: WALMART INC.

**DOCUMENT(S) SERVED:** Summons, Return, Complaint and Demand

**COURT/AGENCY:** Hamilton County Superior Court, IN
Case # 29D052505PL005077

**NATURE OF ACTION:** Employee Litigation - Wrongful Termination - 05/09/2023

**PROCESS SERVED ON:** C T Corporation System, Indianapolis, IN

**DATE/METHOD OF SERVICE:** By Traceable Mail on 05/16/2025 postmarked on 05/14/2025

**JURISDICTION SERVED:** Indiana

**APPEARANCE OR ANSWER DUE:** Within 23 days

**ATTORNEY(S)/SENDER(S):** John H. Haskin
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
317-955-9500

**ACTION ITEMS:** CT has retained the current log, Retain Date: 05/16/2025, Expected Purge Date: 05/26/2025

Image SOP

Email Notification,  Grymarys De Jesus  grymarys.dejesus@walmart.com

**REGISTERED AGENT CONTACT:** C T Corporation System
334 North Senate Avenue
Indianapolis, IN 46204
8775647529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL®

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204



INDIANAPOLIS IN 460

14 MAY 2025 PM2

Label 890-P Oct 2015
Pitney Bowes

FIRST-CLASS

9489 0090 0027 6706 7076 52

US POSTAGE IMI PITNEY BOWES

ZIP 46204
02 7H
0006127700

$ 009.64⁰

MAY 13 2025

Walmart, Inc.
c/o CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

46204-170894

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. |

| | |
|---|---|
| CYNTHIA WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

# SUMMONS

**TO DEFENDANT:** Walmart, Inc.
c/o CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by your or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received my mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (317-269-2222) or the Marion County Bar Association Lawyer Referral Service (317-940-9300).

Dated _____5/9/2025_____       _____(Seal)
                                        Clerk, Hamilton County Superior Court

**(The following manner of service of summons is hereby designated.)**

___X___ Registered or certified mail.

| | |
|---|---|
| John H. Haskin (7576-49) | JOHN H. HASKIN & ASSOCIATES |
| Matthew A. Smith (38571-29) | 255 North Alabama Street, 2ND Floor |
| | Indianapolis, IN 46204 |
| Attorneys for Plaintiff | Tel:    317-955-9500  Fax:    317-955-2570 |

## *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

I hereby certify that I have served this summons on the _____ day _____, 2025:

(1) By delivering a copy of the Summons and a copy of the complaint to:

_____

(2) By leaving a copy of the Summons and a copy of the complaint at: _____
_____, which is
the usual address of_____, and by mailing a copy of the Summons to:
_____at the
above address.

(3) Other Service or Remarks:_____

_____ Sheriff of _____ County
Sheriff's Costs
          By:_____
                    Deputy

## *CLERK'S CERTIFICATE OF MAILING*

I hereby certify that on the _____ day of _____, 2025, I mailed a copy of this summons and
a copy of the complaint to the registered agent for defendant,_____, by Certified
Mail, Return Receipt Requested, at the address furnished by the plaintiff.

Dated:_____

_____
_____ County Clerk
          By:_____
                    Deputy

## *RETURN ON SERVICE OF SUMMONS BY MAIL*

I hereby certify that the attached return receipt was received by me showing that:

_____(1) The Summons and a copy of the complaint mailed to the registered agent for defendant,
_____, was accepted by the registered agent for defendant on _____.

_____(2) The attached return receipt was received by me showing that the Summons and a copy of the
complaint  mailed to the registered agent for defendant, _____, was accepted
by_____ on behalf of said registered agent for defendant on _____.

_____(3) The attached return receipt was received by me showing that the Summons and a copy of the complaint
was return not accepted on _____.

_____
_____ County Clerk
                              By:_____
                                        Deputy

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. |
| | | |
| CYNTHIA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Cynthia White ("Plaintiff" or "Ms. White"), and brings this action against Defendant, Walmart Inc. ("Defendant" or "Walmart") and states as follows:

## INTRODUCTION

1.     Defendant terminated Ms. White's employment in contravention of Indiana common law by retaliating against her for reporting a workplace injury and filing a workers' compensation claim, in violation of the public policy established in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

## PARTIES

2.     At all relevant times, Ms. White was employed by Walmart and worked in Hamilton County, Indiana.

3.     Defendant, Walmart Inc., is a corporation conducting business in Hamilton County, Indiana.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to Indiana common law.

- 1 -

5. Venue is proper in this Court as the events giving rise to this cause of action occurred in Hamilton County, Indiana.

## FACTUAL ALLEGATIONS

6. Walmart employed Ms. White on or about May 15, 2021.

7. Walmart assigned Ms. White to work as a cashier.

8. Ms. White consistently met or exceeded Walmart's legitimate performance expectations.

9. On or about March 31, 2023, a disgruntled coworker struck Ms. White in the head with a broomstick during their shift.

10. Ms. White immediately experienced symptoms, including tingling in her head and eye twitching.

11. On or about March 31, 2023, Ms. White reported the injury to Loss Prevention Officer, Anthony J. Rogers and team lead, Melissa Hopkins.

12. The same day, Ms. White requested to review the video surveillance, but Rogers refused.

13. Hopkins asked Ms. White if she truly desired reporting her workplace injury, and that if so, her employment could be in jeopardy.

14. Emergency medical personnel responded to the scene and transported Ms. White to the hospital for evaluation and treatment.

15. Ms. White was subsequently diagnosed with a concussion.

16. On or about April 4, 2023, Ms. White met with store manager, Shelby Butler, to review surveillance footage of the March 31 incident.

17. Ms. White and Butler drafted a workers' compensation claim, and Butler advised Ms. White that it would be filed that day.

18. During the meeting, however, Butler dismissed the legitimacy of Ms. White's complaint, stating nothing happened and that Walmart would not be paying for anything.

19. On or about May 9, 2023, an agent with Walmart's workers' compensation insurance company, Sedgwick, notified Ms. White that it was managing her workers' compensation claim.

20. However, on the same day, Ms. White contacted Walmart's workers' compensation office and learned that the claim was not filed despite Butler's assurance on April 4, 2023.

21. Ms. White later received a letter dated May 18, 2023, acknowledging the filing of her claim.

22. After reporting her workplace injury, Ms. White was subjected to a pattern of retaliatory treatment.

23. Walmart modified Ms. White's job responsibilities and began unfairly isolating her when she returned to work on or about April 11, 2023.

24. Ms. White primarily worked in the "Scan-and-Go" area prior to reporting her workplace injury.

25. After reporting her workplace injury, Walmart moved Ms. White to work behind a register.

26. On or about May 9, 2023, Walmart relocated Ms. White to a Scan-and-Go area near a booth that was behind her.

27. Walmart's General Manager sat in the booth and subjected Ms. White to increased scrutiny by carefully monitoring her behavior.

28. Walmart terminated Ms. White's employment on or about May 9, 2023, citing a violation of the company's cell phone use policy.

29. Ms. White did not violate any cell phone use policy.

30. Walmart's enforcement of the policy was inconsistent, and Defendant did not terminate similarly situated employees who had not reported workplace injuries or filed for workers' compensation.

31. Several employees consistently used their cell phones during their shifts, but they were not disciplined or terminated.

32. Walmart did not formally discipline Ms. White before her termination.

33. Walmart did not issue Ms. White a negative evaluation before her termination.

34. Walmart did not place Ms. White on a performance improvement plan before her termination.

35. Walmart did not notify Ms. White that she was at risk of being terminated before her dismissal.

36. Prior to the March 31, 2023, incident, Ms. White previously filed a workers' compensation claim because of a separate workplace injury that occurred on or about May 15, 2021.

37. Walmart's reasoning for terminating Ms. White is pretextual.

## CLAIMS FOR RELIEF

### COUNT I – RETALIATORY DISCHARGE IN VIOLATION OF INDIANA COMMON LAW (*Frampton Claim*)

38. Ms. White incorporates by reference paragraphs 1-37 of this Complaint.

39. Walmart terminated Ms. White's employment in retaliation for her workplace accident, report of workplace accident, and/or workers' compensation claim in violation of the Indiana public policy outlined in *Frampton v. Central Indiana Gas Co.,* 297 N.E.2d 425 (Ind. 1973).

40. As a direct and proximate result of Walmart's unlawful conduct, Ms. White has suffered and continues to suffer damages, including lost wages, emotional distress, and other damages.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Cynthia White, respectfully requests that this Court find for her and order that:

(1) Defendant reinstate Plaintiff, or award front pay in lieu thereof;

(2) Defendant pay compensatory and punitive damages;

(3) Defendant pay pre- and post-judgment interest to Plaintiff;

(4) Defendant pay Plaintiff all attorneys' fees and costs incurred in litigating this action; and

(5) Defendant pay Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

_s/ John H. Haskin_
John H. Haskin (Attorney No. 7576-49)

_s/ Matthew A. Smith_
Matthew A. Smith (Attorney No. 38571-29)

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street
Indianapolis, Indiana 46204
Telephone (317) 955-9500
Facsimile (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: msmith@jhaskinlaw.com
Attorney for Plaintiff, Cynthia White

## DEMAND FOR JURY TRIAL

Plaintiff, Cynthia White, respectfully requests a trial by jury for all issues deemed so triable.

Respectfully submitted,

_s/ John H. Haskin_
John H. Haskin (Attorney No. 7576-49)

_s/ Matthew A. Smith_
Matthew A. Smith (Attorney No. 38571-29)

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street
Indianapolis, Indiana 46204
Telephone (317) 955-9500
Facsimile (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: msmith@jhaskinlaw.com
Attorney for Plaintiff, Cynthia White