UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CYNTHIA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01120-RLY-TAB |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DISCOVERY ORDER FOLLOWING
APRIL 10, 2026, TELEPHONIC STATUS CONFERENCE**

Artificial intelligence can be a useful discovery tool.  However, as discussed below, AI is not a substitute for attorneys and litigants exercising independent judgment and oversight in the discovery process.  Relatedly, the Court once again reminds counsel of their obligation to meaningfully meet and confer with one another before seeking the Court's involvement in discovery disputes.  Exclusive reliance on AI-generated discovery responses does not satisfy this obligation.

## I.      Background

Plaintiff Cynthia White alleges that Defendant Walmart wrongfully terminated her in retaliation for making a worker's compensation claim.  Defendant served Plaintiff interrogatories and requests for production in July 2025.  In August 2025, Plaintiff provided discovery responses.  However, Defendant maintains that those responses are still incomplete.  Plaintiff's original counsel was allowed to withdraw [Filing No. 30], but discovery problems have persisted despite the appearance of new counsel for Plaintiff.  Eventually, Defendant proposed a March 23, 2026, conference call to discuss the ongoing discovery shortcomings with Plaintiff's new

counsel.  Plaintiff's counsel confirmed his availability for the call, but soon thereafter declined the calendar invitation without providing an explanation or proposing an alternative date. Accordingly, Defendant requested a Local Rule 37-1 conference with the Court.  The Court conducted that conference on April 10, 2026, at which time counsel appeared for the parties and the discovery issues were discussed.

Shortly before this conference, Plaintiff's counsel raised his own concerns regarding Defendant's discovery responses.  However, a review of Plaintiff's concerns quickly revealed that they are based solely on an AI-generated list of supposed deficiencies.  The Court questioned Plaintiff's counsel about this directly at the April 10 conference.  Plaintiff's counsel admitted that he simply uploaded Defendant's discovery responses into an AI program, asked AI to identify insufficient responses, and copied and pasted the results to an email that he sent to Defendant's counsel and to the Court.

## II.    Discussion

Attorneys and litigants must exercise independent judgment and oversight in discovery-related matters, even when using AI tools.  Plaintiff's exclusive reliance on AI is improper. "Though the use of AI platforms is not itself problematic, [parties must vet] any factual and legal references generated by AI."  *Sheets v. Charlotte Cnty.*, No. 2:24-cv-958-JES-KCD, 2025 WL 1069271, at *2 (M.D. Fla. Apr. 9, 2025).  Before an attorney raises a discovery dispute, that attorney must independently consider any discovery deficiencies identified by AI.  *See Tijerina v. Spotify USA Inc.*, No. 24-2290, 2025 WL 1866057, at *7 (E.D. La. July 7, 2015) (finding it improper to "outsource [discovery] positions to artificial intelligence.").

Plaintiff's AI-generated list of discovery deficiencies claims that Defendant's answer to *every* interrogatory is deficient, without any consideration of whether the asserted deficiencies

are material or otherwise warrant additional discussion or supplementation.  The exercise of human discretion is needed to appropriately narrow the dispute and identify what discovery supplementation may be needed to move the case forward.  Plaintiff's counsel has taken a perilous shortcut around his responsibilities as a trained legal professional.

By relying exclusively on AI to identify and discuss potential deficiencies in Defendant's discovery responses, and then merely copying and pasting these results to an email he sent to Defendant's counsel and to the Court, Plaintiff's counsel also has failed to confer in good faith before bringing the alleged deficiencies to the Court's attention.  *Tijerina*, 2025 WL 1866057, at *7 (finding Fed. R. Civ. P. 37(a)(1)'s meet and confer requirement unsatisfied where a party relied exclusively on AI-generated talking points during the meet and confer).  As this Court has stated many times, before bringing a discovery dispute to the Court's attention, parties must meet and confer in good faith.  S.D. Ind. Local Rule 37-1(a); *Loparex, LLC v. MPI Release Techs., LLC*, No. 1:09-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011) ("An electronic ultimatum is not a good faith attempt to resolve a discovery dispute.  Rather, the local rule contemplates an actual meeting with a date, time, and place—whether by telephonic, videoconference, or (if counsel's location permits) preferably face-to-face.").

Although Plaintiff did not satisfy the meet and confer requirement, Defendant did. Shockingly, Defendant is still awaiting proper responses to discovery served in July 2025.  As noted above, after Plaintiff retained new counsel, Defendant proposed a March 23, 2026, conference call to discuss the problems in Plaintiff's discovery responses.  Despite confirming his availability for the call, Plaintiff's counsel inexplicably declined Defendant's calendar invitation without providing an explanation or proposing an alternative date. That is when Defendant understandably sought the Court's intervention.

There are obvious deficiencies in Plaintiff's discovery responses. More than eight months have passed since Defendant served discovery on Plaintiff, yet Plaintiff has not even provided signed interrogatory responses. Nor has Plaintiff identified medical providers from whom she sought treatment in connection with her alleged injuries. These are two of the more glaring discovery deficiencies, but Plaintiff's responses raise numerous other concerns. At the April 10 conference, the Court ordered the parties to confer further in good faith regarding these issues and ordered Plaintiff to serve complete discovery responses to Defendant by April 27, 2026. If Defendant believes Plaintiff's responses remain incomplete, Defendant may request another discovery conference with the magistrate judge. If Plaintiff likewise has continued issues with Defendant's discovery responses—and if Plaintiff has fulfilled the meet and confer obligations set forth in this order and in *Loparaex*—Plaintiff may also seek the Court's intervention.

## III.    Conclusion

As this order reflects, AI is a useful tool, but not a substitute for good lawyering. Nor does exclusive reliance on AI satisfy counsel's obligation to meet and confer in good faith before asking the Court to wade into a discovery dispute. Plaintiff shall supplement her discovery responses by April 27, 2026.

Date: 4/14/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

4